NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ERNEST L. WALKER,                :
:
    Plaintiff,                :
:
       v.                       :   Civil No. 06-1691 (AET)
:
DONNA VON DEVANGRITIS,           :   **MEMORANDUM & ORDER**
et al.,                          :
:
    Defendants.               :
_____:

THOMPSON, U.S.D.J.

    This matter is before the Court upon Plaintiff Ernest L. Walker's Motion for Summary Judgment [28], Plaintiff's Motion to Compel Discovery of Medical Records [31], and Defendants Donna Van Graitis,[1] C.F.G. Health Systems, and Monmouth County Correctional Facility's (collectively, "Defendants") Cross-Motion for Summary Judgment [29]. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motions are denied, and Defendants' Cross-Motion is granted.

BACKGROUND

    Plaintiff, acting *pro se*, is a prisoner currently incarcerated at Bayside Prison in Vineland, New Jersey. He brings this action under 42 U.S.C. § 1983,[2] seeking money damages and

---

    [1]    Defendant Donna Van Graitis is captioned improperly as Donna Von DeVangritis.

    [2]    The Court notes that Plaintiff's Complaint appears to alleges a cause of action under the civil RICO statute, 18 U.S.C. § 1962 et seq. However, Plaintiff has not alleged facts to support such a claim. The Court reads Plaintiff's inadequate medical care claim as one alleging a

injunctive relief against Defendants in connection with his medical care while he was incarcerated at Monmouth County Correctional Institution ("MCCI"). Plaintiff was incarcerated at MCCI from July 27, 2004 until his transfer to Bayside Prison on May 24, 2006. (Defs.' Mot. for Summ. J., Ex. B. at 8.)

Plaintiff was diagnosed with Hepatitis C in 1998. He is also HIV-positive. Plaintiff was arrested and held at MCCI in July 2004. He alleges that he had Interferon, a prescription medication used to treat Hepatitis C, on his possession at the time of his arrest, and that MCCI officials confiscated his medication. (Id. at 12.) Plaintiff alleges that, at the time of his arrest and incarceration, he had been on Interferon for approximately five and one-half months. (Id.)

Defendant Donna Van Graitis is a nurse practitioner employed by Defendant C.F.G. Health Systems ("C.F.G."), the contract healthcare provider for Defendant MCCI. Plaintiff alleges that Defendant Donna Van Graitis told him for the approximately twenty-one months that he was housed at MCCI, that she was pressing Defendant C.F.G. to provide him with Interferon. (Id. at 11-12.) Ultimately, however, Plaintiff alleges that Defendant Van Graitis informed him that Defendant C.F.G. would not provide Interferon because it was too expensive. (Id.) Plaintiff testified during his deposition that he has suffered stomach pains and cirrhosis of the liver because he did not receive Interferon. (Id. at 19-20.)

As part of their Cross-Motion for Summary Judgment, Defendants have included Plaintiff's medical records, including those reflecting treatment prior to his incarceration at MCCI, medical treatment request forms completed by Plaintiff while at MCCI, portions of Plaintiff's deposition transcript, and an expert report by Dr. Leon Smith, Chairman of Medicine

---

violation of the Eighth Amendment, and, therefore, brought only under 42 U.S.C. § 1983.

at St. Michael's Medical Center in Newark, New Jersey, who reviewed Plaintiff's medical records in connection with this litigation.

According to the medical records, Plaintiff was prescribed Interferon by Nurse Debbie Mohammed, at the University of Medicine and Dentistry of New Jersey hospital in Newark, on September 4, 2003.  (Defs.' Mot. for Summ. J., Ex. D.)  On October 2, 2003, when seen again by Nurse Mohammed, Plaintiff told her that he had "restarted sniffing Heroin and reported depression."  (Id.)  Plaintiff was taken off of Interferon at that time.  Similar notations regarding Plaintiff's heroin use and depression, and that his Interferon treatment was suspended, appear on Plaintiff's files dated November 6, 2003, and March 2, 2004.  An office note from June 1, 2004, states that "pt did not tolerate IFN/riba with large mood swings."  (Id.)

Dr. Smith's expert report states that, in patients with large mood swings, Interferon and Ribavirin can produce profound depression.  The report also states that patients with HIV do not respond well to Interferon and Ribavirin as treatment for Hepatitis C.  The report concludes that it was correct not to prescribe Interferon and Ribavirin for those reasons, and that Defendant Van Graitis "performed her duties to the highest standard of care."  (Defs.' Mot. for Summ. J., Ex. E.)

APPLICABLE LAW

Plaintiff argues that he did not receive the medical treatment, i.e. Interferon, that he requested and believed to be appropriate.  He contends that Defendant Van Graitis told him that the only reason he was not prescribed Interferon was because it was too expensive.  Defendants argue that, at the time Plaintiff was arrested and incarcerated in July 2004, he had not been prescribed Interferon since at least October 2003.  Thus, they argue, Plaintiff's medical records belie his assertion that he was being prescribed Interferon at the time of his arrest, and it is of no

import that he may have had Interferon in his possession when he entered MCCI. Defendants contend that the decision not to prescribe Interferon to Plaintiff was a prudent one, given his HIV and history of large mood swings.

A.   Standard of Review

Summary judgment is appropriate if, on the record, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and construes all facts and inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); see also Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B.   Denial Of Medical Treatment

A prisoner alleging that he was denied adequate medical care in violation of the Eighth Amendment's proscription against cruel and unusual punishment must demonstrate that (1) a serious medical need exists; and (2) defendants' acts or omissions rose to the level of "deliberate indifference" to that need. Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is one (1) that has "been diagnosed by a physician as requiring treatment . . .;" (2) is "so obvious that a lay person would easily recognize the necessity for a

doctor's attention;" or (3) for which the denial of treatment would result in the unnecessary or wanton infliction of pain or a life-long handicap or permanent loss. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987).

Deliberate indifference is found where a defendant knew of and disregarded an excessive risk to a plaintiff's health or safety. Natale, 318 F.3d at 582. Deliberate indifference is shown where a prison official either (1) knew of the need for treatment but intentionally refused to provide it; (2) delayed necessary medical treatment for non-medical reasons; or (3) prevented a prisoner from receiving necessary or recommended treatment. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Claims of medical malpractice or negligence do not rise to the level of deliberate indifference. Id. Further, courts have not found deliberate indifference where the complaint is either subjective dissatisfaction with medical care, Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000), or disagreement over medical care. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

## DISCUSSION

In this case, Defendants do not contest that Plaintiff's Hepatitis C constituted a serious medical need. The issue before the Court, therefore, is whether Defendants' decision not to prescribe Interferon for Plaintiff's condition rose to the level of deliberate indifference. Plaintiff argues that Defendants did not prescribe Interferon to him because it was expensive. However, contrary to Plaintiff's assertions that he had been prescribed Interferon at the time of his arrest, his medical records demonstrate that Nurse Mohammed had ceased his medication as early as October 2003, ten months prior to his incarceration at MCCI, because he was using heroin and was suffering from depression. There is no evidence in the record that Plaintiff had resumed

taking Interferon at the direction of his medical care providers.  Further, Dr. Smith's expert report confirms that patients who are HIV positive, such as Plaintiff, do not respond well to Interferon as treatment to Hepatitis C.  Moreover, Dr. Smith's report opines that Interferon can exacerbate depression in patients who suffer from large mood swings.  Plaintiff has not offered any evidence to rebut Dr. Smith's expert report.  The Court finds that Plaintiff has failed to adduce sufficient evidence to show that there is a genuine issue as to whether Defendants' decision regarding his medical treatment rose to the level of deliberate indifference.  Therefore, the Court grants Defendants' Cross-Motion for Summary Judgment.

In addition, on January 10, 2008, Plaintiff wrote a letter to the Court, asking that Defendants be compelled to produce all of his medical records.  In opposition, Defendants note that it is unclear what medical records Plaintiff seeks to discover.  Defendants have provided Plaintiff's complete medical records from his incarceration at MCCI, and a substantial portion of his UMDNJ treatment records, attached to their Cross-Motion for Summary Judgment.  As to his medical records from his incarceration at Bayside Prison, Defendants contend that, because they are not custodians of those records, it is not within their discretion to produce the records.  Accordingly, Plaintiff's Motion to Compel discovery of his medical records is denied.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of May, 2008,

ORDERED that Plaintiff Ernest L. Walker's Motion for Summary Judgment [28] is DENIED; and it is further

ORDERED that Plaintiff Ernest L. Walker's Motion to Compel Discovery of Medical

Records [31] is DENIED; and it is further

      ORDERED that Defendants Donna Van Graitis, C.F.G. Health Systems, and Monmouth County Correctional Facility's Cross-Motion for Summary Judgment [29] is GRANTED; and it is further

      ORDERED that Defendants advise the Court of the status of their pending cross-claims by letter, to be submitted within seven (7) days of entry of this Order.

                                            s/ Anne E. Thompson
                                        ANNE E. THOMPSON, U.S.D.J.